**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**VICTORIA L. BAILEY**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MARK WILLIAMS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1201-CR-4 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Lisa F. Borges, Judge
Cause Nos. 49G04-0708-FB-173916 & 49G04-0708-FD-174263

**October 31, 2012**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**VAIDIK, Judge**

Following our August 21, 2012, opinion in which we concluded that the trial court did not abuse its discretion in ordering Mark Williams to serve his entire sentence that was suspended at the time of initial sentencing, Williams now petitions for rehearing. Specifically, Williams argues that the Indiana Supreme Court's opinion in *Woods v. State*, 892 N.E.2d 637 (Ind. 2008), entitles him to relief. We grant rehearing to address Williams' argument but still conclude that the trial court did not abuse its discretion in ordering him to serve his previously suspended sentence of six years.

In *Woods*, the defendant argued that the trial court's refusal to allow him the opportunity to explain why he violated the terms of his probation denied him minimum due process. *Id.* at 640. The State responded that no such opportunity was required because Woods was placed on "strict compliance"; therefore, no explanation would have mattered because "any" violation would have resulted in the trial court imposing the full outstanding term of Woods' sentence. *Id.* Our Supreme Court clarified that even a probationer who admits the allegations again him must still be given an opportunity to offer mitigating evidence suggesting that the violation does not warrant revocation. *Id.* The Court acknowledged that while telling a defendant he is on strict compliance is a dramatic way of putting him on notice that he is on a short leash and has been given one final chance to "get his act together," due process nonetheless "requires that a defendant be given the opportunity to explain why even this final chance is deserving of further consideration." *Id.* at 641. But because the defendant neither made an offer of proof in the trial court nor made an argument on appeal explaining why he violated the terms of his probation, the Court affirmed the trial court.

Here, the record shows that although at the beginning of the probation-revocation hearing the trial court reminded Williams that it had earlier told him that it would give him "his full backup time for any future violation," Tr. p. 7, the court nevertheless heard evidence and arguments from the parties before revoking his probation. Notably, Williams himself testified. *Id.* at 25-26. Given these facts, *Woods* does not entitle Williams to any relief. We therefore affirm our earlier opinion in all respects.

MATHIAS, J., and BARNES, J., concur.